Tukley, J.
delivered the opinion of the court.
The bill charges that the complainant purchased of one Reuben Stanley, on the 25th of March, 1842, a tract of land in the county of Fayette, and received from him a deed of bargain and sale, which was duly proved and registered in the county on the first day of April, 1842; that on the 28th of March, 1842, the defendants obtained three several judgments against the said Reuben Stanley before a Justice of the Peace of Fayette county, and on the same day caused executions to be issued thereon, upon-affidavit, stating that they were fearful of losing their debt unless this were done; that these executions were placed in the hands of a constable, and were by him levied on the same day of issuance, upon the land sold to the complainant, and returned to the County Court, where the land was ordered to be sold, which was afterwards done by the sheriff, and the defendants .became the purchasers and received a deed of conveyance from him, and have thereupon commenced an action of ejectment, to turn the complainant out of possession. The bill alledges that the issuance of the executions under the circumstances was illegal, and that it was procured by the defendants with the knowledge of complainant’s rights, and with *485 the intention of depriving him of them, by obtaining a lien upon the land before the registration of his deed, and prays either that the purchase by the defendants, under the sheriff’s sale, be declared void, and cancelled, or that complainant ■ be permitted to redeem.
To this bill there is a demurrer, which was overruled by the Chancellor, and thereupon an appeal is prosecuted to this court.
The complainant does not occupy such a position as authorizes him to redeem the land, under the provisions of the statute in such cases made and provided: and the only question is, whether the execution sale, under which the defendants claim, can be cancelled by this court.
We think it cannot. The sale is neither void or voidable. The executions, it is true, were issued irregularly, the affidavit, not being sufficient in law to authorize such prompt proceeding: but then it was an irregularity of which the defendant in the execution could alone complain or take advantage: having not thought proper to do so, or to stop the execution by a writ of supersedeas, but having permitted them to be executed, the sale under them is good.
The fact that the defendants had notice of complainant’s right to the land at the time the executions were issued and at the date of their purchase, does not affect their conscience: they are creditors and not subsequent purchasers, and therefore not chargeable by notice, as are subsequent purchasers.
The decree of the Chancellor is therefore reversed, and the bill dismissed.